## L. G. POWERS v. TEMPLE TRUST COMPANY.

No. 6284. Decided February 20, 1935.
(78 S. W., 2d Series, 951.)

*Dibrell & Starnes,* of Coleman, for plaintiff in error.

Plaintiff in error is entitled to temporary injunction restraining the prosecution of the subsequent suit in Bell County regardless of whether he has or has not an adequate remedy at law, this right being given him under Article 4642, subd. 2, R.

S., 1925. Dallas Joint St. Land Bank v. Glenn (Civ. App.), 25 S. W. (2d) 164; Republic Ins. Co. v. O'Donnell Motor Co. (Civ. App.), 289 S. W., 1064; Sumner v. Crawford, 91 Texas, 132, 41 S. W., 994; 15 C. J., 1134.

*Critz & Woodward*, of Coleman, and *John B. Daniel*, of Temple, for defendant in error.

It was error for the court to grant the temporary injunction. Sparks v. Lasater (Civ. App.), 232 S. W., 345; Business Men's Oil Co. v. Priddy (Com. App.), 250 S. W., 156; Seager v. Foster, 185 Ia., 32, 169 N. W., 681; 1 Texas Jur., 109; 92 C. J., 93.

MR. JUDGE SMEDLEY delivered the opinion of Commission of Appeals, Section B.

Plaintiff in error, maker of a series of promissory notes payable to defendant in error, filed suit in the District Court of Coleman County, Texas, on November 25, 1931, for the cancellation of the notes and the lien securing them, alleging that the loan contract evidenced by the notes and the deed of trust was usurious and that the principal indebtedness was more than discharged by applying to it interest payments which he had made more than two years before the suit was filed, and by offsetting against it double the amount of interest payments made by him within two years before the filing of the suit. He further alleged that defendant in error was falsely claiming that there was still a balance owing on said notes, and was threatening foreclosure proceedings, and that unless restrained by writ of injunction it would either foreclose under the power of sale contained in the deed of trust, or would institute and prosecute a suit for foreclosure in the District Court of Bell County, Texas, or would transfer the notes and lien to third parties and instigate them to institute and prosecute such suit.

On the day the suit was filed the district judge, without notice, granted a temporary injunction restraining defendant in error from transferring the notes and the lien and from foreclosing the deed of trust under the power of sale contained therein and from instituting and prosecuting any suit for foreclosure of the lien in the District Court of Bell County, or in any court other than by cross action in the suit in Coleman County. Injunction bond was filed December 9, 1931, and on that day the writ of injunction was issued. No citation was issued until December 9, 1931. Both the writ of injunction and

the citation were served on defendant in error on December 17, 1931.

Defendant in error, on December 5, 1931, after this suit was filed in Coleman County but before citation was issued, filed suit in the District Court of Bell County, where the notes were payable, for the recovery of an unpaid balance of principal with interest alleged to be due and for foreclosure of the lien. Citation in that suit, issued the day the suit was filed, was served on plaintiff in error on December 7, 1931.

Defendant in error's motion to dissolve the injunction was heard by the District Court of Coleman County and overruled on January 28, 1932. The Court of Civil Appeals on appeal from that order dissolved the temporary injunction. 50 S. W. (2d) 362.

The only question presented here is whether the Court of Civil Appeals correctly dissolved the injunction.

■ There is no evidence that plaintiff in error filed this suit without a bona fide intention that process be promptly issued and served, and no evidence that the delay in the issuance of citation was attributable to him. In the absence of proof it will not be presumed that the delay in the issuance of citation was at his direction. The suit was filed when the petition was filed with the clerk. The statute imposes upon the clerk the duty of issuing the citation promptly. Tribby v. Wokee, 74 Texas, 142, 11 S. W., 1089; R. S., 1925, Art. 2021. For the purpose of deciding the question here presented, therefore, it is to be assumed that jurisdiction over the controversy first attached to the District Court of Coleman County.

The subject matter of the two suits is the same and the parties are the same. The record does not show that plaintiff in error filed a plea in abatement or any other answer in the suit in the District Court of Bell County.

It is unnecessary to determine whether the injunction should have been issued when issued, as the appeal was taken from an order overruling a motion to dissolve and when that order was entered the suit in Bell County had been filed. The effect of the order was to enjoin the further prosecution of that suit.

■■ In view of the absence both of allegations and of evidence that plaintiff in error resorted or attempted to resort to his remedy at law, the filing of a plea in abatement in the second suit on account of the pendency of the first suit, and the absence of any showing that such remedy would in the peculiar circumstances of the case be inadequate, the Court of Civil Appeals

did not err in dissolving the injunction. It should have been dissolved by the trial court. This conclusion is simply the application of the well settled rule that "Matters that will constitute a defense of which complainant may avail himself in a suit pending or threatened against him cannot be made the ground of an injunction to restrain proceedings in such suit, unless he is prepared to allege and prove special circumstances showing that he may suffer irreparable injury if he is denied the preventive remedy." 32 C. J., pp. 99-100. See also New Amsterdam Casualty Co. v. Harrington, 297 S. W., 307; Lingwiler v. Lingwiler (Civ. App.), 204 S. W., 785; Hill v. Brown (Com. App.), 237 S. W., 252; Duck v. Peeler, 74 Texas, 268, 11 S. W., 1111.

Plaintiff in error cites Cleveland v. Ward, 116 Texas, 1, 285 S. W., 1063, as supporting his contention that injunction may issue from the court first acquiring jurisdiction enjoining the parties to the second action from maintaining it, without first filing a plea in abatement in the second suit and without reference to the adequacy of such defense at law. Cleveland v. Ward does not so hold, and we find nothing in the opinion in that case sustaining such contention. The holding actually made and particularly expressed in that case with respect to the injunction issued by the court that first acquired jurisdiction was that the injunction was issued in the exercise of power conferred by the Constitution and statutes, and that the court's action in issuing the injunction, whether a rightful or wrongful exercise of the power, was reviewable only by appeal to the Court of Civil Appeals at Fort Worth. There was no appeal to that Court of Civil Appeals, and thus there was no decision either by that court or by the Supreme Court of the question whether the injunction was under the facts of the case rightfully issued.

Plaintiff in error relies upon the following language used in the opinion in Cleveland v. Ward, after the statement that the pendency of a prior suit must be pleaded in abtement in the subsequent suit in order to be available.

"This, however, is not the only remedy in trial courts. The parties may, *upon proper showing*, receive from the court which first obtained jurisdiction an injunction enjoining the parties to the second action from maintaining it.

"In the instant case Judge Wilson was in process of the trial, and had passed on the plea in abatement when the injunction was served, although issued before the actual hearing on the plea. At this stage of the proceeding it was entirely

proper for the injunction to issue against the parties (except, of course, Judge Wilson), and there was no impropriety in its issuance before, *for that may have been reasonably necessary.*" (Italics ours.)   116 Texas, 23.

■ The language quoted, when read in connection with the holding made as above stated, and in connection with other statements in the opinion to the effect that Judge Ward had the power to issue the temporary injunction, means nothing more than that in such cases it is within the power of the first court to issue the writ of injunction, and that such writ is properly issued when a showing of necessity for its issuance is made.   There must be something more than mere proof of conflicting jurisdiction to warrant resort to equity.   There must be evidence of a necessity for the use of injunction.

No purpose is disclosed by the above quoted, or any other, expressions in the opinion in Cleveland v. Ward to depart from the rule that injunction will not lie when there is an adequate remedy at law, and neither the decision nor the opinion in that case undertakes to substitute the writ of injunction for the plea in abatement in all cases of this character without reference to the adequacy of the plea.

On the contrary, Chief Justice Cureton approved the rule that a plea in abatement is the remedy to which resort should primarily be had when he said in the opinion in that case:

"What has been said is not in conflict with the doctrine of various cases that the pendency of a suit in another jurisdiction must be seasonably pleaded in abatement; that the plea may be waived, and that final judgment by default, or in the absence of pleading and proof of the pendency of a prior suit will be sustained."   116 Texas, 21.

Similarly, Judge Sharp, in McCurdy v. Cage, 123 Texas, 558, 69 S. W. (2d) 56, 59, said:

"If the two cases involve the same subject-matter when a plea in abatement is properly and seasonably filed in the case last filed, the latter court should sustain such plea.   If the plea in abatement is not filed, it may be considered waived."

He further said:

"If the two cases in controversy involve the same subject-matter, that fact should have been pleaded fully in the Dallas county suit and the issue tested out in that court."

The suit in Dallas County was the second suit.

■ Subdivisions 1 and 2 of Article 4642, R. S., 1925, are not to be construed as giving a statutory right to injunction where

there is an adequate remedy at law. It was expressly so held in Hill v. Brown (Com. App.), 237 S. W., 252, contrary to expressions contained in prior opinions. The entry of the judgment recommended by the Commission of Appeals in that case was in effect an approval by the Supreme Court of the conclusion thus stated in the opinion:

"We do not think it was the intention of the Legislature in the enactment of the injunction statutes above set out to simply provide a choice of remedies for litigants, but that the intention was to provide a remedy to cover those injuries for which there was not clear, full, and adequate relief at law. Nor did our Supreme Court intend to abrogate the distinction between law and equity in the application of the remedies provided under each system, but only intended to furnish a complete safeguard under the equitable jurisdiction of our courts for the protection of parties invoking same, who show that they are 'entitled to same.'"

See also New Amsterdam Casualty Co. v. Harrington, 297 S. W., 307.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court February 20, 1935.