## FIRST NAT. BANK IN ORANGE v. COYLE et al.

### No. 2908.

Court of Civil Appeals of Texas. Beaumont.
June 18, 1936.

Alan B. Cameron, of Orange, and Williams, Lee, Sears & Kennerly, of Houston, for appellant.

E. L. Reid, of Orange, for appellees.

WALKER, Chief Justice.

This appeal is by First National Bank in Orange against Grace R. Coyle and her husband, Tom F. Coyle, and W. P. Brown, sheriff of Orange county, complaining of the order of the court dissolving a temporary injunction in appellant's favor against appellees; quoting from the order dissolving the injunction:

"It is, therefore, ordered, adjudged and decreed by the court that the general demurrer contained in the answer of the defendants Grace R. Coyle and Tom F. Coyle be and the same is hereby sustained to plaintiff's petition in so far as said petition attempts to state a cause of action or right for an Injunction against said defendants, or against the sheriff of Orange County."

We give the following summary of appellant's petition: In paragraphs 1 and 2 it was alleged that appellant was a corporation, organized under the laws of the United States of America, and domiciled at Orange, Orange county, Tex., and was successor to the First National Bank of Orange, having acquired all its assets; and was the owner of the cause of action asserted in this suit; that the defendants Tom F. Coyle and Grace R. Coyle were husband and wife and resided in Jefferson county, and the defendant W. P. Brown was the sheriff of Orange county.

By paragraphs 3, 4, and 5, it was alleged that on the 25th day of February, 1932, the First National Bank of Orange recovered a judgment against defendant Tom F. Coyle in the sum of $10,678.02, with interest from date at 8 per cent. per annum, and with foreclosure of a chattel mortgage lien against certain personal property; that this property was sold under order of sale and the proceeds credited on the judgment, leaving a balance unpaid on the judgment of the sum of $10,678.02, with interest at 8 per cent. per annum from the 20th day of March, 1933; and that appellant is the legal owner and holder of said judgment.

By paragraphs 6 and 7 it was alleged that appellees Tom F. and Grace R. Coyle were married in 1910; that the above-described judgment was a debt and charge against their community estate; that abstracts of the above-described judgment were filed in both Orange and Jefferson counties; that Tom F. Coyle, individually, and the community estate of Tom F. and Grace R. Coyle, owned three pieces of property, piece No. 1 was their homestead and not subject to execution and the other two pieces would not sell at execution for more than $775, and appellant knew of no other property owned by the community estate and Tom F. Coyle individually.

By paragraphs 8 and 9 it was alleged that on February 8, 1934, Grace R. Coyle, joined by her husband, recovered judgment in the district court of Orange county against the

Orange Investment Company, Inc., for the sum of $2,684, with foreclosure of lien against certain real estate; that this judgment was the property of the community estate of Grace R. Coyle and her husband, though the judgment recited that it was for her sole use and benefit as her separate property; that the only parties to this suit were the Orange Investment Company, Inc., and Grace R. Coyle and her husband.

By paragraphs 10 and 11 it was alleged that an order of sale was issued in the judgment of Grace R. Coyle against the Orange Investment Company, Inc., and at her request, joined in by her husband, Sheriff Brown levied upon and advertised for sale on May 7, 1935, the property described in the judgment, and that it was the purpose of said Sheriff Brown to sell the property on the date advertised, as directed by the order of sale, and to deliver the proceeds of the sale to Grace R. Coyle; that since said judgment belonged to the community estate of Grace R. Coyle and her husband the proceeds of the sale, as advertised on May 7, 1935, would belong to the community, and that no part of the proceeds of the sale belonged to the separate estate of Grace R. Coyle; that if the proceeds of the sale should be delivered to Grace R. Coyle appellant would be deprived of an asset which it had the right to subject to the payment of its judgment against Tom F. Coyle; that appellant knew of no other property which it could seize and apply to the payment of its judgment against Tom F. Coyle; that if the proceeds of the sale should be delivered to Grace R. Coyle it was her intention, joined in by her husband, "to so hide or dispose of same as to place same beyond the reach of any process which could be issued" under appellant's judgment against Tom F. Coyle. It was further alleged that appellant had no other remedy against Grace R. Coyle and her husband "unless the defendant W. P. Brown be enjoined from delivering the proceeds of such sale to said defendants (appellees), then and in that event plaintiff (appellant) will be defeated of its just and lawful debt." Appellant prayed as follows:

"Wherefore, premises considered, plaintiff prays that this Honorable Court forthwith issue its writ or writs directed to the defendant, W. P. Brown, sheriff of Orange County, Texas, his deputies, servants, agents, and employees, enjoining and restraining them from delivering or paying over to the defendants, Grace R. Coyle and Tom F. Coyle, their agents, servants, attorneys, and employees, any sums of money, or other thing of value, which may be made out of the sale of said Lot No. Three (3) in Block Eighty-nine (89), under and by virtue of an order of sale issued in said Cause No. 6644, as above alleged, until the further order of this Court; that the defendants, and each of them, be duly and legally cited to appear and answer herein, and upon a final hearing hereof, plaintiff have judgment against the defendants, and each of them, for such sums of money being the proceeds of the sale of said Lot No. Three (3) in Block Eighty-nine (89), hereinabove referred to, for all costs of court, and have such other and further relief, both general and special, in law and in equity, to which it may be rightfully entitled, and for which it will ever pray."

There was no allegation that the Orange Investment Company, Inc., was solvent or had any property, other than that in the possession of Sheriff Brown, subject to its debts. The sheriff of Orange county has filed an affidavit with this court to the effect that after the lower court dissolved the temporary injunction he proceeded to sell the property seized under order of sale in the judgment of Grace R. Coyle against the Orange Investment Company, Inc., and that he had delivered the proceeds of the sale to Grace R. Coyle.

## Opinion.

The action of the sheriff in selling the property under the order of sale and in delivering the proceeds of the sale to Grace R. Coyle has rendered the issue of temporary injunction moot in so far as it related to the property in the hands of the sheriff, seized by him under order of sale against the Orange Investment Company, Inc. If any additional relief was sought under the temporary injunction, the petition was bad on general demurrer for the reason that, since there was no allegation by appellant that the Orange Investment Company, Inc., was solvent, the petition failed to show that the temporary injunction would in any way aid appellant in collecting its debt against Tom F. Coyle.

Under the recent opinion by the Commission of Appeals in Powers v. Temple Trust Co., 124 Tex. 440, 78 S.W.(2d) 951, 952, the petition was bad on general demurrer because it failed to negative in appellant "an adequate remedy at law." In that case Judge Smedley, speaking for the Commission, said:

"In view of the absence both of allegations and of evidence that plaintiff in error resorted or attempted to resort to his remedy at law, the filing of a plea in abatement in the second suit on account of the pendency of the first suit, and the absence of any showing that such remedy would in the peculiar circumstances of the case be inadequate, the Court of Civil Appeals did not err in dissolving the injunction. * * *

"Subdivisions 1 and 2 of article 4642, R.S. 1925, are not to be construed as giving a statutory right to injunction where there is an adequate remedy at law. It was expressly so held in Hill v. Brown (Tex.Com. App.) 237 S.W. 252, 255, contrary to expressions contained in prior opinions."

See, also, West Texas Utilities Co. v. Farmers' State Bank (Tex.Civ.App.) 68 S.W.(2d) 648; Hawkins v. Graham (Tex. Civ.App.) 81 S.W.(2d) 754. On the facts alleged, appellant had the legal right to a writ of garnishment against the Orange Investment Company, Inc.

It follows that the judgment of the lower court dissolving the injunction should be affirmed, and it is accordingly so ordered.