# STERLING MUT. LIFE INS. CO. v. BLUME et al.

## No. 3063.

Court of Civil Appeals of Texas. Beaumont.
July 2, 1936.

Rehearing Denied July 8, 1936.

John H. Benckenstein and Jack M. Moore, both of Beaumont, for appellant.

P. A. Dowlen, of Beaumont, for appellees.

WALKER, Chief Justice.

Appellant, Sterling Mutual Life Insurance Company, instituted this suit in the district court of Jefferson county against appellees, Mrs. Martha Blume et al., in

trespass to try title to a tract of four acres of land, the east half of a tract of eight acres of land in Jefferson county, with prayer for a temporary injunction restraining appellees from interfering with its dominion over the land in controversy. On hearing on the application for temporary injunction Mrs. Blume answered that she was in possession of the land and had been in possession since 1909, claiming it as a part of her homestead. On the hearing appellant offered testimony to the following effect: (a) On May 22, 1928, appellee Mrs. Martha Blume joined by her husband, conveyed the four acres of land in controversy to their two sons, E. E. and J. T. Blume. (b) On August 10, 1931, E. E. and J. T. Blume conveyed the four acres of land to J. T. Scott, Jr., trustee, to secure appellant in a loan it had made to E. E. and J. T. Blume in the amount of $1,335. (c) On the 2d of August, 1932, Scott, as trustee, at his trustee's sale, sold the four acres of land to appellant. (d) At the time appellant purchased the land at the trustee's sale Mrs. Martha Blume was in possession of the entire tract of eight acres and had been in possession for many years, cultivating it each year through her tenants: The eight acres was fenced as one tract of land and the east half had not been segregated from the west half. After purchasing the land at the trustee's sale, appellant sent its agents upon the land for the purpose of dividing its east four acres from the west four acres and of building a partition fence between the two tracts, and for that purpose put material on the east half. At the time its agents went upon the land it was in a state of cultivation, vegetables were being grown on the east half, and part of it was being plowed for new cultivation. There were no houses or other improvements on this land except its preparation for cultivation. (e) When appellant's agents undertook to build the partition fence, its right of entry was denied by Robert Lee Milan, Jr., who ordered these agents off the land and immediately secured an injunction against them restraining them from building the fence. (f) Afterwards, on the 21st of April, 1936, that injunction was dissolved. Immediately upon its dissolution appellant instituted this suit and was granted a temporary injunction restraining appellees from interfering with its claimed dominion over the east four acres and from interfering with it in its efforts to build the partition fence. Under authority of that injunction, appellant surveyed off the east four acres and built the partition fence. (g) Subsequently, on its own motion, without notice to appellant, the court dissolved that temporary injunction and set the matter for hearing in chambers on the 27th of April, 1936, at which time the application for temporary injunction was heard and denied. Appellees offered no testimony.

### Opinion.

Appellant was not entitled to the temporary writ of injunction. Under its allegations of trespass to try title, and that Mrs. Martha Blume would convert to her own use the rents of the four acres of land, appellant had the legal right to a writ of sequestration under subdivision 4 of article 6840, Revised Statutes, reading as follows:

"Judges and clerks of the district and county courts, and justices of the peace shall, at the commencement or during the progress of any civil suit, before final judgment, have power to issue writs of sequestration, returnable to their respective courts, in the following cases: * * *

"4. When any person sues for the title or possession of real property, and makes oath that he fears the defendant or person in possession thereof will make use of his possession to injure such property, or waste or convert to his own use the fruits or revenue produced by the same."

This remedy at law was adequate for the protection of every right appellant had in the land in controversy. Under the recent opinion of the Commission of Appeals in Powers v. Temple Trust Co., 124 Tex. 440, 78 S.W.(2d) 951, 952, appellant did not have the right to a temporary injunction. In that case Judge Smedley, speaking for the Commission, said:

"In view of the absence both of allegations and of evidence that plaintiff in error resorted or attempted to resort to his remedy at law, the filing of a plea in abatement in the second suit on account of the pendency of the first suit, and the absence of any showing that such remedy would in the peculiar circumstances of the case be inadequate, the Court of Civil Appeals [50 S.W.(2d) 362] did not err in dissolving the injunction. * * *

"Subdivisions 1 and 2 of article 4642, R.S.1925, are not to be construed as giving a statutory right to injunction where there is an adequate remedy at law. It was expressly so held in Hill v. Brown (Tex.

Com.App.) 237 S.W. 252, 255, contrary to expressions contained in prior opinions."

See, also, West Texas Utilities Co. v. Farmers' State Bank (Tex.Civ.App.) 68 S.W.(2d) 648; Hawkins v. Graham (Tex. Civ.App.) 81 S.W.(2d) 754.

It follows that the judgment of the lower court should be in all things affirmed and it is accordingly so ordered.