## ECLIPSE OIL CO. et al. v. McALISTER.

### No. 3198.

Court of Civil Appeals of Texas. Beaumont.

March 16, 1937.

Rehearing Denied March 24, 1937.

See, also, 98 S.W.(2d) 171.

W. D. Gordon, E. E. Easterling, and A. L. Shaw, all of Beaumont, for appellants.

M. L. Lefler and E. B. Votaw, both of Beaumont, for appellee.

WALKER, Chief Justice.

On the 26th day of September, 1936, G. R. McAlister filed suit in the Sixtieth district court of Jefferson county, hereinafter referred to as the "McAlister suit," Judge R. L. Murray presiding, against Eclipse Oil Corporation of Delaware, Eclipse Oil Company of Texas, John D. McCall, Marrs McLean, W. D. Gordon, and M. J. Ebberts and J. J. Hebert, alleging the relation of the personal defendants to the corporate defendants, the incorporation of the Delaware corporation, that a fraudulent attempt was being made to transfer the assets of the Texas corporation to the Delaware corporation, and that he owned $10,000 of the capital stock of the Texas corporation; the purpose of the suit was to cancel "an attempted assignment" of all the assets of the Texas corporation to the Delaware corporation. The following was McAlister's prayer: "Wherefore, premises considered, Plaintiff prays that the Defendants be cited to appear herein in terms of law and that upon a final hearing hereof, he be awarded a judgment nullifying and invalidating the dissolution of the Eclipse Oil Company, and cancelling the instrument assigning all of the assets and properties of the Eclipse Oil Company to the Eclipse Oil Corporation of Delaware; that he also be awarded the judgment of this court appointing a receiver of the Eclipse Oil Company and Eclipse Oil Corporation with full authority to take over the entire management, control, assets and properties of said companies until the matters hereinbefore complained of are adjusted and until the final adjudication as to the title of Plaintiff's stock in the Eclipse Oil Company; that he be awarded the judgment of this court enjoining the said M. J. Ebberts, J. J. Hebert, W. D. Gordon, John D. McCall and Marrs McLean from in any manner molesting, interfering with or attempting to exercise dominion or control over any of the assets or physical properties of either of said Defendant corporations during the pendency of said receivership; and that he be awarded all costs in this behalf incurred and for such other and further relief, both special and general, in law and in equity, to which he may prove himself justly entitled."

The defendants in that suit were duly served with citation. On the 7th day of October, 1936, McAlister filed in that suit an ancillary bill of discovery to require the defendants to deliver the books and accounts, etc., of the corporate defendants to the district clerk of Jefferson county, in order that McAlister and his attorneys might examine the books and accounts to discover the amount of oil that had been converted by the Delaware corporation. On an ex parte review of the bill of discovery Judge Murray entered an order requiring the defendants to appear before said court on the 17th day of October, A. D. 1936, to show cause why the relief prayed for should not be granted. On the 9th day of October, 1936, the Delaware corporation filed in that suit its petition to remove the cause to the District Court of the United States for the Eastern District of Texas, which was granted when presented, and the suit was transferred to the docket of the District Court of the United States, where it remained until the 27th day of January, 1937, when Judge Bryant, judge of the United States District Court, made his order remanding the case to the state court. On the 25th day of January, 1937, before the remand of

the McAlister Case, Marrs McLean, defendant in that suit, filed a new suit as plaintiff in the Fifty-Eighth district court of Jefferson county, Judge Geo. C. O'Brien presiding (hereinafter referred to as the McLean suit), against the two corporate defendants named in the McAlister suit, alleging that the corporate defendants were indebted to him in the sum of $5,642.50. He alleged certain other facts not necessary to bring forward in this opinion and prayed for the appointment of a receiver for the assets of the two corporate defendants. On the day that suit was filed the defendants entered their appearance by answer filed by their attorney, Hon. W. D. Gordon, agreeing to the appointment of the receiver but denying certain other facts alleged by the plaintiff Marrs McLean. On that date after the answer was filed the plaintiff's petition was presented to the Hon. Geo. C. O'Brien, judge presiding, who on that date, on an ex parte application, appointed a receiver for the corporate defendants, in all things as prayed for by McLean, fixing the bond of the receiver at $2,500, naming W. M. Campbell receiver; this order recited "upon consideration of the petition and answers and admissions of the defendants in the above entitled and numbered cause, it is ordered that W. M. Campbell, a resident citizen of Jefferson County, Texas, be and he is hereby appointed receiver of all the assets etc., * * * of the Eclipse Oil Company, and of the Eclipse Oil Corporation, a Delaware corporation." On the 2d day of February, 1937, McAlister, in his cause in the Sixtieth district court, filed his ancillary bill for injunctive relief, complaining of W. D. Gordon, Marrs McLean, John D. McCall, M. J. Ebberts, J. J. Hebert, E. E. Easterling, A. L. Shaw, and W. M. Campbell, receiver; for ground of relief he alleged all the facts stated above, the filing of the two suits, etc.; he denied that the corporate defendants were indebted to Marrs McLean. He alleged further that the McLean suit was filed in fraud of his rights; that by filing his suit first, with prayer for a receiver, the Sixtieth district court impounded all the assets of the corporate defendants and had exclusive jurisdiction to appoint a receiver; that the appointment of the receiver by Judge Geo. C. O'Brien in the Marrs McLean suit in the Fifty-Eighth district court was brought about by a fraudulent conspiracy between McLean and the personal defendants in that suit; that the appointment of the receiver was absolutely void,

etc.; the prayer was as follows: "Wherefore, premises considered, your petitioner prays that a temporary injunction be issued enjoining the said Eclipse Oil Company of Texas, the Eclipse Oil Corporation of Delaware and Marrs McLean, together with the attorneys claiming to represent them in cause No. 49494 styled Marrs McLean, Plaintiff, vs Eclipse Oil Company, et al., Defendants, in the District Court of Jefferson County, Texas, 58th Judicial District, said attorneys being W. D. Gordon and E. E. Easterling, from further proceeding with or prosecuting said cause. Your Petitioner further prays that said temporary injunction restrain and enjoin the said W. M. Campbell from taking over or administrating any of the assets of either of said corporations, and further restraining and enjoining him from performing any other act or acts which he may claim to be vested in him by virtue of the proceedings in said cause in the District Court of Jefferson County, Texas, 58th Judicial District. Your petitioner further prays that said temporary injunction restrain and enjoin the said A. L. Shaw from representing the said W. M. Campbell as Receiver of either of said corporations and further restrain and enjoin the said A. L. Shaw from instituting, prosecuting, or in any manner collecting any claim either for or against either of said corporations as attorney for the said W. M. Campbell in the capacity of Receiver of either of said corporations. Your Petitioner further prays that the Defendants herein be cited and notified to appear and answer, and he further prays that upon final hearing hereof the said temporary injunction be made permanent and for all costs in this behalf incurred, and for all other relief, both special and general, either in law or in equity, to which he may be justly entitled.

On the day that bill was filed it was presented to Judge R. L. Murray, judge of the Sixtieth district court, who, on an ex parte hearing, entered the following order:

"It is, therefore, the opinion of the Court, so ordered, adjudged and decreed, that the Clerk of the District Court of Jefferson County, Texas, be and he hereby is ordered to issue and cause to be served upon W. D. Gordon, E. E. Easterling, Marrs McLean, John D. McCall, M. J. Ebberts, J. J. Hebert and W. M. Campbell, all of Beaumont, Jefferson County, Texas, a temporary injunction enjoining and restraining the said W. D. Gordon, E. E. Easterling, Marrs

McLean, John D. McCall, M. J. Ebberts and J. J. Hebert from further prosecuting cause No. 49,494, the same being styled Marrs McLean vs. Eclipse Oil Company, et al., now pending in the District Court of Jefferson County, Texas, 58th Judicial District, and further enjoining and restraining W. M. Campbell, also of Beaumont, Jefferson County, Texas, from taking over any of the assets of either the Eclipse Oil Company of Texas or the Eclipse Oil Corporation of Delaware, and further enjoining and restraining him from performing any of the acts which he may claim to be vested in him by virtue of the said proceedings in the District Court of Jefferson County, Texas, 58th Judicial District, at Beaumont, and further restraining and enjoining A. L. Shaw from representing the said W. M. Campbell as Receiver of either of said corporations and restraining and enjoining the said A. L. Shaw from instituting, prosecuting or in any manner collecting any claim either for or against either of said corporations as attorney for the said W. M. Campbell in the capacity of Receiver of either of said corporations.

"It is further considered by the Court, so ordered, adjudged and decreed that the temporary injunction herein granted shall remain in full force and effect until further orders of this Court, but that the same shall not become effective until Plaintiff herein executes a bond in the sum of One Thousand and No/100 ($1,000.00) Dollars with two or more good and sufficient sureties in favor of the Defendants herein as required by law.

"R. L. Murray
"Judge Presiding."

The defendants were duly served with notice of the granting of the temporary injunction by Judge Murray, and at once perfected their appeal to this court from the temporary injunction, filing their transcript in this court on February 4, 1937. At the time they filed their transcript they presented their motion that the cause be advanced by immediate submission. For grounds of advancement these appellants, in an oral hearing in chambers, made a showing that, immediately after Judge Geo. C. O'Brien appointed W. M. Campbell receiver, Campbell qualified as receiver by filing the required bond, etc., immediately took possession of all the assets of the corporate defendants, as directed in his order of appointment, including a producing oil well,

and began to administer the property of the corporate defendants under his order of appointment as receiver, and was in actual possession of all these properties and in the actual discharge of his duties as a receiver, when served with the injunction; that to shut down the oil well might and probably would injure it; that his attorney, on the facts, had advised him to continue operating the property, and to conserve the property; that for protection of the interest of all the parties the cause should be advanced to immediate submission; pending submission the receiver prayed that the injunction as to him be abated. The motion of appellants for immediate submission was granted, but postponed on motion of appellee. After the motion of postponement was granted this court entered an order abating the injunction pending a final disposition of the case on its merits. Under orders of this court the case came on for submission on the 18th day of February, 1937, whereupon appellants filed their motion that the issues involved in this appeal were moot; that after this appeal was perfected Judge Murray, on petition of McAlister in the McAlister case, had appointed R. E. Biggs receiver of the two corporate defendants, directing him to take charge of, manage, operate, etc., the assets of these defendants. It was further ordered in the decree appointing the receiver: "It appearing to the Court that subsequent to the filing of Plaintiff's application herein and subsequent to this Court's acquiring jurisdiction over the properties herein referred to, a similar suit was filed in the District Court of Jefferson County, Texas, 58th Judicial District, being styled Marrs McLean vs Eclipse Oil Company et al and being numbered No. 49,494 on the docket of said court wherein the Plaintiff, Marrs McLean, prayed that a Receiver be appointed to take over the properties and assets of the corporation herein named, and it further appearing to the Court that W. M. Campbell of Beaumont, Jefferson County, Texas, was appointed Receiver of said corporations by Hon. Geo. C. O'Brien, Judge of said Court on the 25th day of January, A. D. 1937, the Receiver herein named is requested and commanded to file a motion in said District Court of Jefferson County, Texas, 58th Judicial District, advising said Court that this action was instituted in this Court on the 26th day of September, A. D. 1936, thereby acquiring prior jurisdiction over the subject-matter of the properties herein in-

volved and respectfully requesting the Court to enter an order of dismissal in said cause now pending in the said District Court of Jefferson County, Texas, 58th Judicial District, and further requesting said Court to discharge the said W. M. Campbell as Receiver of said corporations and order him to turn over all properties of whatever nature in his possession to the Receiver appointed by this Court." These facts were shown by a certified copy of the order of Judge Murray appointing Biggs receiver, tendered by appellants, which we ordered filed.

### Opinion.

 We overrule appellants' motion that by appointing a receiver with powers indicated in the order copied above, the issues of this appeal were made moot. The injunction was granted by Judge Murray upon the filing by McAlister of a bond in the sum of $1,000, with good and sufficient sureties. On the record before us we cannot say that, in the event the injunction is dissolved, damages may not have accrued under the conditions of the bond. But, apart from that conclusion, we do not think that the issue of priority of jurisdiction which Judge Murray attempted to decide in favor of his court by issuing the injunction was made moot by his appointment of the receiver. We also overrule appellee's motion to strike from the record the certified copy of the order appointing Biggs receiver, for the reason that this order is material on the rule of comity which exists by the settled law of this state between the Sixtieth district court and the Fifty-Eighth district court, both courts of Jefferson county of co-ordinate jurisdiction.

Appellee advances the following six propositions as controlling the issues presented by this appeal:

"Proposition No. 1. The filing of the original application for a receivership herein by appellee on the 26th day of September, 1936, and the issuance of citation thereon, together with other actions taken by the trial court, constituted an equitable levy upon the properties of the corporations herein involved and impounded said properties within the jurisdiction of the 60th district court of Jefferson County, Texas.

"Proposition No. 2. Since it affirmatively appears from the face of the record in the proceedings in the 58th District Court of Jefferson County, Texas, that the appointment of a receiver therein was effected in the pursuance of a legal and fraudulent collusion, such receiver so appointed was not in fact an officer of the court but was a mere agent of the parties.

"Proposition No. 3. Since it affirmatively appears from the record herein that the receiver appointed in the proceedings in the 58th Judicial District Court of Jefferson County, Texas, was not an officer of the court but a mere agent of the parties, his appointment was an absolute nullity and may be attacked at any time in a collateral proceeding.

"Proposition No. 4. Since the 58th District Court of Jefferson County, Texas, never acquired jurisdiction over the subject matter therein involved, necessarily all orders entered in connection therewith were an absolute nullity and utterly void.

"Proposition No. 5. Since the act of the 58th District Court of Jefferson County, Texas, in attempting to appoint a receiver to take charge of the properties herein involved was a nullity and utterly void, the 60th District Court of Jefferson County, Texas, properly enjoined the enforcement of such void proceedings.

"Proposition No. 6. Since the 60th District Court had prior and exclusive jurisdiction of the properties of the corporations herein involved, no other court of co-ordinate jurisdiction had the power or authority to appoint a receiver to take charge of said properties and the temporary injunction issued by the 60th district court was a valid exercise of judicial power to protect its jurisdiction, regardless of whether or not W. M. Campbell be termed a receiver or otherwise."

We have quoted appellee's propositions in order to reflect his contentions, and the reasons why, on his prayer, Judge Murray granted the temporary injunction from which this appeal was prosecuted. It is our conclusion that appellee's propositions do not correctly state the issues before us.

 In the first place the McAlister suit in the Sixtieth district court against the corporate defendants was to prevent the Texas corporation from assigning its assets to the Delaware corporation; Marrs McLean's suit in the Fifty-Eighth district court, against the same two corporate defendants named by McAlister in his suit, was simply an action on debt, in no way related to McAlister's cause of action. Yet, the injunction granted by Judge Murray enjoined McLean from further prosecuting

his independent cause of action to judgment, and the attorneys representing the corporate defendants from presenting their defenses. It requires no citation of authorities to sustain the contention that, at least in this respect, the injunction issued by Judge Murray was erroneous.

We cannot agree with the contention of appellee that Judge Geo. C. O'Brien's order appointing a receiver for the two corporate defendants was utterly, absolutely, and unqualifiedly void. The power of a district court to appoint a receiver was before this court in Yount v. Fagin, 244 S.W. 1036; Id. (Tex.Civ.App.) 289 S.W. 187; on the principles of law and equity discussed in that case the appointment of Campbell as receiver, unless set aside by a proper proceeding, had the effect of impounding all the assets of the two corporate defendants; and Judge O'Brien's administration of these assets by and through his receiver would afford protection to all interested parties. Judge Murray by his injunction, now before us, undertook to decide that very issue, that is, that Judge O'Brien had unlawfully invaded his jurisdiction and that his act in so doing was utterly void.

Judge Murray's injunction against the receiver cannot stand for two reasons: First, W. M. Campbell, under the order appointing him receiver, had taken possession of all the assets of the two corporate defendants and was in the active management of the business of the corporate defendants as receiver when the injunction was served upon him. He was not enjoined from operating the business of the corporations, but only from taking possession of their properties. As the very act he was enjoined from doing had been fully accomplished before the injunction was issued, the injunction was inoperative as to the receiver.

The second point invalidating the injunction is one of comity between courts of co-ordinate jurisdiction. On this point we shall pretermit a discussion of priority of jurisdiction—that Judge Murray had prior jurisdiction of the assets of the corporate defendants by reason of the fact that the McAlister suit praying for a receiver was filed in his court prior to the time that the McLean suit, praying for a receiver, was filed in Judge O'Brien's court, and that by reason of his prior jurisdiction he had the exclusive right to administer the assets of the corporate defendants. Nor shall we discuss the following general rule announced by Judge Sharp, speaking for the Commission of Appeals, in Prince v. Miller, 123 Tex. 118, 69 S.W.(2d) 52, 54: "The statutes and decisions of this state authorize a suit against the receiver in his official capacity in any court having competent jurisdiction of the subject-matter. Such suit is subject to the venue statutes. The foregoing rule is subject to the limitation that the court, other than the one in which the receiver is appointed, may not make any order or take any action in such suit that will disturb the possession, control, or management of the assets by the receiver."

Of the proposition of comity between courts of co-ordinate jurisdiction, Judge Sharp, speaking for the Commission of Appeals in McCurdy v. Gage, 123 Tex. 558, 69 S.W.(2d) 56, 59, said: "In this state, as well as in courts of other jurisdictions, both federal and state, we have courts of co-ordinate jurisdiction, and it is highly important that the spirit of comity should at all times exist between such courts and a conflict of jurisdiction should be avoided. In order to maintain an orderly procedure and prevent unseemly conflicts between two courts when an action has been brought in one court and thereafter another action is filed in another court of co-ordinate jurisdiction, if it is thought that the two actions involve the same subject-matter, it is the duty of those engaged in the suit first filed to deal frankly with the court in which the second action is filed and in good faith make a full disclosure to the court with respect to what are the facts and issues involved in the case first filed in the other court. This is especially true with respect to receiverships. This was not done. If the two cases involve the same subject-matter when a plea in abatement is properly and seasonably filed in the case last filed, the latter court should sustain such plea. If the plea in abatement is not filed, it may be considered waived. Cleveland v. Ward [116 Tex. 1, 285 S.W. 1063], supra, and the authorities therein collated. Chief Justice Cureton, speaking for the court in the case of Cleveland v. Ward, held: 'What has been said is not in conflict with the doctrine of various cases that the pendency of a suit in another jurisdiction must be seasonably pleaded in abatement, that the plea may be waived, and that final judgment by default, or, in the absence of pleading and proof of the pendency of a prior suit will be sustained. See the cases of Cook v. Burnley, 11 Wall.

659, 20 L.Ed. 29; Cook v. Burnley, 45 Tex. 97; Blassingame v. Cattlemen's Trust Co. (Tex.Civ.App.) 174 S.W. 900; Cattlemen's Trust Co. v. Blasingame (Tex.Civ. App.) 184 S.W. 574; McCoy v. Bankers' Trust Co. (Tex.Civ.App.) 200 S.W. 1138. See, also, 1 Ruling Case Law, pp. 19, 20.' "

■ On that same point—the power of a court of co-ordinate jurisdiction to protect its prior jurisdiction by writ of injunction, Judge Smedley, speaking for the Commission of Appeals, in Powers v. Temple Trust Co., 124 Tex. 440, 78 S.W.(2d) 951, 953, said: "There must be something more than mere proof of conflicting jurisdiction to warrant resort to equity. There must be evidence of a necessity for the use of injunction." What is that "something more than mere proof of conflicting jurisdiction" that must be shown? It must be shown that no remedy at law is available to the court of prior jurisdiction against another court seeking to invade its jurisdiction. On that point Judge Smedley said in the Powers Case, supra: "In view of the absence both of allegations and of evidence that plaintiff in error resorted or attempted to resort to his remedy at law, the filing of a plea in abatement in the second suit on account of the pendency of the first suit, and the absence of any showing that such remedy would in the peculiar circumstances of the case be inadequate, the Court of Civil Appeals did not err in dissolving the injunction. It should have been dissolved by the trial court. This conclusion is simply the application of the well-settled rule that: 'Matters that will constitute a defense of which complainant may avail himself in a suit pending or threatened against him cannot be made the ground of an injunction to restrain proceedings in such suit, unless he is prepared to allege and prove special circumstances showing that he may suffer irreparable injury if he is denied the preventive remedy.' 32 C.J. pp. 99, 100. See, also, New Amsterdam Casualty Co. v. Harrington (Tex.Civ.App.) 297 S.W. 307; Lingwiler v. Lingwiler (Tex.Civ.App.) 204 S. W. 785; Hill v. Brown (Tex.Com.App.) 237 S.W. 252; Duck v. Peeler, 74 Tex. 268, 11 S.W. 1111."

Judge Sharp said in McCurdy v. Gage, supra: "If the two cases involve the same subject-matter when a plea in abatement is properly and seasonably filed in the case last filed, the latter court should sustain such plea. If the plea in abatement is not filed, it may be considered waived." He

further said: "If the two cases in controversy involve the same subject-matter, that fact should have been pleaded fully in the Dallas county suit and the issue tested out in that court."

On the power of a court to issue injunctions where the applicant has an available legal remedy, it was said in Powers v. Temple Trust Co., supra, citing Hill v. Brown (Tex.Com.App.) 237 S.W. 252, 255: "The entry of the judgment recommended by the Commission of Appeals in that case was in effect an approval by the Supreme Court of the conclusion thus stated in the opinion: 'We do not think it was the intention of the Legislature in the enactment of the injunction statutes above set out to simply provide a choice of remedies for litigants, but that the intention was to provide a remedy to cover those injuries for which there was not clear, full, and adequate relief at law. Nor did our Supreme Court intend to abrogate the distinction between law and equity in the application of the remedies provided under each system, but only intended to furnish a complete safeguard under the equitable jurisdiction of our courts for the protection of parties invoking same, who show that they are "entitled to the same." ' " See, also, New Amsterdam Casualty Co. v. Harrington (Tex.Civ.App.) 297 S.W. 307; Sterling Mutual Life Co. v. Blume (Tex.Civ.App.) 95 S.W.(2d) 1325, and the authorities therein cited.

■ Now, in these proceedings, did McAlister have a legal remedy, available to him without prejudice to his rights, to protect the prior jurisdiction of the Sixtieth district court to appoint a receiver in his case, as filed therein, to seize and administer the assets of the two corporate defendants? A study of the adjudicated cases seems to fix the procedure that McAlister should have followed. The Supreme Court of our state, in Riesner v. Gulf, Colorado & Santa Fe Ry. Co., 89 Tex. 656, 36 S.W. 53, 56, 33 L.R.A. 171, 59 Am.St.Rep. 84, had that issue before it. Speaking on this very point in that case, Judge Brown said: "It is fortunate for the country, for the interests of public justice, and to the credit of the judiciary, both federal and state, that with few exceptions the courts, both federal and state, have been liberal and just in determining questions which involve the conflict of jurisdiction. So long as these tribunals manifest the spirit of comity and fairness displayed in the cases

of Adams v. Trust Co. [(C.C.A.) 66 F. 617] and May v. Printup [59 Ga. 128], above cited, there can be no serious disturbance of that harmony which should prevail between these independent, but co-ordinate, jurisdictions, and 'races between marshals and sheriffs, likely to result in unseemly controversies between the state and federal courts,' will be avoided, because, when either court may feel that its jurisdiction has been invaded, upon application by its receiver to the court which has taken possession of the property the wrong will be righted in a spirit of fairness and justice, as was done in the cases cited above and in this case in the county court." Under the practice announced by Judge Brown, it was the duty of McAlister, in his suit pending in the Sixtieth district court, to request the appointment of a receiver, as he subsequently did, asking Judge Murray to instruct the receiver to make his appearance in Judge O'Brien's court and ask for possession of the assets of the two corporate defendants. By such a proceeding the spirit of comity between the two courts would have been protected and conflict of jurisdiction by injunctive proceedings avoided. By requesting the appointment of a receiver after the filing of this appeal and before submission McAlister did without a mandate from this court what we would have otherwise directed him to do in the event he desired to protect the alleged prior jurisdiction of the Sixtieth district court. There is no pleading by appellee that his receiver will not be granted a fair and expeditious hearing by Judge O'Brien; on the contrary, in his brief he speaks in terms of highest praise of Judge O'Brien's ability and fairness as a judge.

Since appellee had available an adequate remedy at law at the time he filed his petition for injunctive relief, the temporary injunction granted by Judge Murray on his prayer is in all things dissolved.

The judgment of the lower court is reversed and injunction dissolved.

## On Rehearing.

Appellee's first assignment on rehearing is that we erred in holding that his suit in the Sixtieth district court "was to prevent the Texas corporation from assigning its assets to the Delaware corporation, because said suit shows that it was to cancel an assignment that had previously been made"; the following statement from the first paragraph of our opinion answers this first assignment: "The purpose of the suit was to cancel 'an attempted assignment' of all the assets of the Texas corporation to the Delaware corporation."

■ Appellee also assigns error against our fact conclusion to the effect that Judge O'Brien's receiver had taken charge of the assets of the corporate defendants prior to the issuance of the injunction by Judge Murray; he says: "There was no evidence introduced in the record other than the sworn application of Plaintiff-in-Error. There was nothing in said affidavit that indicated that Campbell had at that time taken possession of the assets of the two corporations." The facts are as stated in our opinion; these facts were not negatived by appellee in his petition for injunction. On that point appellee says: "The terms of Judge Murray's injunction and the clear inference disclosed by the application for an injunction in this case, discloses that he had never entered upon his duties as a receiver." Where a temporary injunction is granted on ex parte hearing the allegations of the petition must be construed strictly against the petitioner; the rule was thus stated by our Supreme Court in Gillis v. Rosenheimer, 64 Tex. 243: "The rule of pleading, that the statements of the party are to be taken most strongly against himself, is re-inforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising upon the facts so stated, from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief." Gillis v. Rosenheimer, 64 Tex. 243; Santa Fe Town-Site Co. v. Norvell (Tex.Civ.App.) 187 S.W. 978; Carter v. Griffin, 32 Tex. 212, 213; Weaver v. Emison (Tex.Civ.App.) 153 S. W. 923; King v. Driver (Tex.Civ.App.) 160 S.W. 415; Kell Milling Co. v. Bank of Miami (Tex.Civ.App.) 168 S.W. 46. Since the facts found by us were not affirmatively negatived by the allegations of appellee's petition, we did not err in receiving testimony on the point complained of by appellee and in resting our judgment, alternatively, on such facts. In this connection, appellee also asserts that we are in error in our statement of the scope of Judge Murray's injunction, wherein we say that the receiver "was not enjoined from operating the business of the corporations, but

only from taking possession of their properties."

Since filing the original opinion we have given most careful consideration to the proposition of comity between courts of co-ordinate jurisdiction, the second point upon which we based our judgment dissolving appellee's injunction. We are so thoroughly convinced of the correctness of our holding under this point that we withdraw our conclusion under the first point, and rest our judgment on the proposition of comity.

Appellee's motion for rehearing is in all things overruled.