**CULPEPPER et al. v. WEST et ux.**

No. 10298.

Court of Civil Appeals of Texas. San Antonio.

Nov. 3, 1937.

Rehearing Denied Dec. 1, 1937.

Perkins & Floyd, of Alice, for appellants.

Lewright, Lewright & Young, of Corpus Christi, for appellees.

SLATTON, Justice.

Appellees, Buck S. West and wife, instituted this suit for the purpose of enjoining the appellants, W. G. Culpepper and J. F. Stewart, from going upon and constructing a fence on and along certain lands aggregating approximately 2,300 acres. A restraining order was issued by the trial court, and, after due notice and hearing in vacation, a temporary injunction was granted in accordance with the relief prayed for by the appellees.

Briefly stated, the appellees' theory, as shown by their pleading, is that they have the right of possession of the land involved, and that appellants had wrongfully entered upon and started the construction of fences; that such was an irreparable injury to the land and would deprive appellees of the benefit of water for their cattle which were grazing on the land involved as well as other adjacent lands. Appellants, in addition to general and special demurrers and general denial, answered that they intended to construct the fences and that their entry upon the land was lawful, in that they had written grazing leases covering the land involved in suit from the record owner of such land; that under such leases the appellants were fully authorized to build the fences and use the lands described in the pleadings of appellees.

Upon the hearing, one of the appellees, Buck S. West, testified that he had possession of the land since about 1924. He further testified that he nor his wife had a deed to any of the land, nor did they have a lease to the land, and had paid no taxes on the land. The appellants testified that they had written grazing leases upon the land which they desired to enter upon and fence, from the record owners of the title. The leases were introduced in evidence, and various title papers were proffered by the appellants, which were excluded by the trial court.

232

It is contended by the appellants that the pleadings of the appellees and the proof tendered by them failed to show facts which would authorize the trial court to grant a temporary injunction, claiming, in effect, that the appellees have a complete and adequate legal remedy of trespass to try title and writ of sequestration.

Under the well-established rules with reference to the granting of temporary injunctions by trial courts, when brought in review upon appeal, we deem it to be our duty to give the pleadings and the evidence a review for the purpose of ascertaining whether or not the granting of the temporary injunction by the trial court was an abuse of his discretion.

While the pleadings of the appellees allege that the appellees do now have actual, peaceable, and exclusive possession of the land involved in suit, for many years last past, allegations are thereafter made that appellants are wrongfully going upon such land, constructing fences around the same, and, when completed, will completely dispossess the appellees of their possession. These allegations, we think, are sufficient to show an ouster by appellants of the appellees' possession.

■ The answer of appellants alleges the right to take possession of the land in virtue of leases to them from the record owners of the title. What then was the real issue tendered to the trial court for determination by the parties? We think the real issue presented by the pleadings was the "right of possession." If this right is determined in favor of the appellees, the entry upon the land and the construction of the fences would be wrongful. If it be determined in favor of appellants, they would have the right to enter upon the land, construct the fences, and use the land as they saw fit. It has been the rule in this state since an early day that the action of trespass to try title is an appropriate action for the recovery of mere possession of land. H. K. & F. B. Thurber & Co. v. James Conners, 57 Tex. 96; Stokes v. Riley, 29 Tex. Civ.App. 373, 68 S.W. 703.

■ Had such an action been filed by the appellees in a statutory suit of trespass to try title, and pending trial the appellees feared that the acts of appellants in the use and possession of the land would injure it, the appellees, under subdivision 4 of article 6840, R.C.S.1925, would have their right of sequestration.

■ It is well established in this state that, where a party has an adequate, efficient, and complete legal remedy, he is not entitled to the equitable remedy of injunction. Sterling Mutual Life Insurance Co. v. Blume (Tex.Civ.App.) 95 S.W.2d 1325, 1326; First National Bank v. Coyle (Tex. Civ.App.) 95 S.W.2d 1337; Powers v. Temple Trust Co., 124 Tex. 440, 78 S.W.2d 951; West Texas Utilities Company v. Farmers' State Bank (Tex.Civ.App.) 68 S.W.2d 648, 655.

■ The appellees, having an adequate, efficient, and complete legal remedy, were not entitled to a temporary injunction. The order thereon will be here reversed and the injunction dissolved at the cost of appellees.