**PLOCEK et al. v. WELHAUSEN et al.**
**No. 10975.**

Court of Civil Appeals of Texas.
San Antonio.
Oct. 30, 1940.

T. J. Newton, Sr., of San Antonio, for appellants.

B. W. Teagarden, of San Antonio, for appellees.

NORVELL, Justice.

This is an appeal from an order of the District Court of LaSalle County refusing to grant a temporary injunction upon the verified petition of appellants. Notice of the application for the temporary injunction was not given to appellees. The petition contained no prayer that notice issue, but requested that the injunction issue upon appellants' verified bill alone. The record here consists of appellants' petition and the court's order thereon.

From the bill it appears that appellants are residents and qualified voters of Election Precinct No. 2, Commissioners' Precinct No. 3, of LaSalle County. Appellees are the County Judge and three of the County Commissioners of LaSalle County, and two individuals designated as election judges for Voting Precinct No. 2, for the forthcoming General Election to be held on the fifth day of November, 1940. It is alleged that these election officials were appointed as such by an order of the Commissioners' Court of October 14, 1940. The legality of these appointments is attacked because the same were not made at the February, 1940, term of the Commissioners' Court, Article 2937, Vernon's Ann. Civ.Stats., it being further alleged that "said Commissioners' Court had theretofore regularly appointed a judge of the election to be held November 5, 1940, in said voting precinct, and said Election Judge has not been disqualified, and has not failed or refused to act, and further the law provides for the method of supplying a judge in the event of the failure or refusal to act, or the disqualification of the judge theretofore regularly appointed by the Commissioners' Court."

Appellants also pleaded that the Commissioners' Court of LaSalle County had, by order of October 14, 1940, changed the polling place of Voting Precinct No. 2, from the Sauz Ranch, where it existed at the time of the 1938 General Election, to the Buckholt School, also situated in said precinct. It is asserted that this action is in violation of the provisions of Article 2933, Vernon's Ann.Civ.Stats., and consequently void.

The petition contains no allegations that the orders of October 14, 1940, were the result of fraud or an abuse of discretion on the part of the Commissioners' Court. It is simply contended that such orders were passed in violation of statutory provisions.

The prayer of the petition was for the immediate issuance of a temporary injunction restraining the Commissioners' Court from putting into effect the orders of October 14, 1940, and restraining the election judges designated in one of said orders from acting under said appointment in the general election. Appellants also prayed that upon hearing the injunction be made permanent.

It is well settled that an appellate court will not disturb the judgment of a trial court granting or refusing a temporary injunction unless it is shown that the trial court has abused its discretion. Southwestern Greyhound Lines v. Railroad Commission of Texas, 128 Tex. 560, 99 S.W. 2d 263, 109 A.L.R. 1235; Tyrrell & Garth Inv. Co. v. City of Highlands, Tex.Civ. App., 44 S.W.2d 1059; 24 Tex.Jur. 313, § 253.

The issuance of a temporary injunction without notice is not favored by the Texas courts. A pressing necessity and imminent injury must clearly appear. If a temporary restraining order will suffice, a temporary injunction should not issue. McCorkel v. District Trustees of Robinson Springs School District, Tex.Civ. App., 121 S.W.2d 1048; Texas Centennial Central Exposition v. Greenwood, Tex. Civ.App., 94 S.W.2d 813; 24 Tex.Jur. 175, § 129.

In determining the sufficiency of a petition to support the issuance of an injunction upon an ex parte hearing, the petition must be construed strictly against the petitioner. Gillis v. Rosenheimer, 64 Tex. 243; Eclipse Oil Co. v. McAlister, Tex.Civ.App., 103 S.W.2d 420; 24 Tex. Jur. 242, § 186.

Applying the above rules to the case at bar, we are of the opinion that the record would not support a finding that the trial court abused its discretion in refusing the temporary injunction.

■ We do not construe Article 2933 as prohibiting a Commissioners' Court from designating a polling place for a voting precinct after the end of the August term of an election year. This article relates to establishment of voting precincts by the establishment of the boundary lines thereof, and does not relate to the designation of the place where the voters shall cast their ballots therein. There is no contention made here that the Commissioners' Court in designating a public schoolhouse acted with the fraudulent desire to deprive any person of his legal rights, or that the change was made surreptitiously with the intent of deceiving any voter in regard to the location of the polling place. There is a vast difference in the change of a boundary line of a voting precinct and a change in the polling place. It may be necessary that a new polling place be designated after the expiration of the August term of the Commissioners' Court, because of the destruction of the building which had formerly been designated, or the refusal of the owner of the building to allow it to be further used for voting purposes or perhaps for many other reasons. It seems therefore that the Legislature may have well made a distinction between the establishment of the boundary lines of a district and the location of the polling place therein. In this case, the polling place was changed to a public building, and the trial court may have well concluded that such change was made in accordance with the provisions of Article 2932, Vernon's Ann.Civ.Stats. We can not say that the trial court abused its discretion in refusing to restrain appellees from using the schoolhouse as a polling place, under the Commissioners' Court order of October 14, 1940.

We have quoted appellants' allegations relating to the appointment of an election judge, prior to the appointment of two of appellees on October 14, 1940.

■■ We do not construe Article 2937, Vernon's Ann.Civ.Stats., as prohibiting the Commissioners' Court from appointing another election judge after the February term of the Commissioners' Court, in cases where the person designated at that term subsequently becomes or is found to be disqualified. We overrule appellants' contention that in such a situation, the election judges can only be selected by the voters under the provisions of 3001, Vernon's Ann.Civ.Stats. This article is plainly an emergency provision. It seems to us that it is the duty of the Commissioners' Court in the interest of proper preparation for orderly elections to fill all vacancies which might occur in the group of election officials after their appointment at the February term. From the fact that the Commissioners' Court made an appointment of election judges on October 14th, it may be inferred that in the opinion of the court a vacancy existed. Appellants pleaded that the judge theretofore appointed was not disqualified. The trial judge was not, however, upon an ex parte hearing, bound to accept this allegation as true. The pleadings suggested an issue which would probably necessitate the determination of a number of fact questions.

The pressing necessity relied upon here to support the issuance of a temporary injunction is, of course, the short period of time remaining before the 1940 General Election.

■ For all practical purposes a temporary injunction would be tantamount to a permanent injunction. This being true, it was not error for the trial court to refuse to grant the injunction without notice having been first given to the opposing parties. The judgment of the trial court is affirmed.