## SERVTEX MATERIALS CO. v. KELLY et al.

### No. 5542.

Court of Civil Appeals of Texas. Amarillo.

April 19, 1943.

182

J. R. Fuchs, H. A. Triesch, and Frank B. Voigt, all of New Braunfels, for appellant.

J. H. Schleyer and Alton J. Luckett, both of New Braunfels, for appellees.

FOLLEY, Justice.

This is an appeal from a judgment denying a permanent injunction in a suit filed by the appellant, Servtex Materials Company, a corporation, against W. A. Kelly, doing business under the name of Kelly Construction Company. Comal County, having been impleaded by Kelly, intervened in the suit. Kelly and Comal County are the appellees.

It appears that Mrs. Minna Coreth, a feme sole, is the owner of a 58-acre tract of land in Comal County, upon which is located an old rock quarry which had been operated several years prior to 1932. Along the east side of this 58-acre tract is the Waco Springs road. Upon the floor of the quarry was a large amount of rock material that had been left as waste from the operation of the quarry. A huge pile of waste material was stored on the 58-acre tract about 225 feet west of the Waco Springs road. This pile of accumulated waste rock material, which was stored for the purpose of sale, was about 275 yards long, 75 to 100 yards wide, and about 50 to 60 feet high. There was a road completely around this waste pile, which road was used by trucks to haul out the waste material for use in road construction. Adjoining the Coreth tract on the north was the Landa tract upon which also were situated large amounts of crushed rock. The appellee Kelly had acquired title to the crushed rock stored on the Landa tract.

On September 1, 1939, Mrs. Coreth entered into a contract whereby appellant was granted the exclusive right to sell for her the "accumulated rock material" located on the 58 acres and they were to share equally in the proceeds of the sale. Appellant was to erect and maintain a fence enclosing the accumulated rock material. The contract contained this further provision: "It is agreed that Mrs. Minna Coreth shall have the right to use the above described premises as she sees fit so long as her use thereof does not interfere with 'The Company's' operation in connection with the selling of the said rock material."

On January 6, 1942, Mrs. Coreth granted Comal County, or whomsoever it should designate, the right of ingress and egress upon the 58 acres, the right to erect thereon a rock-crushing plant and appurtenances thereto on a location best suited for the purpose, and the right to store crushed rock and waste thereon. The contract contained the further provision: " * * * it being agreed and understood that the rights herein granted to Comal County or whomsoever Comal County may designate shall not interfere with any operations in connection with the sale of rock waste now under sales contract with the Servtex Materials Company." Comal County designated its rights under this contract to Kelly who had certain contracts with the County for road construction. Kelly proceeded to erect a rock-crushing plant on the 58-acre tract. According to the surveyor's plat introduced in evidence, the foundation for this rock-crushing plant was about 175 feet west of the Waco Springs road and about 60 feet north of the road which surrounded the waste pile from which appellant was then selling ma-

terial under its contract with Mrs. Coreth. Such material was being sold in place by appellant, and the purchasers, then Comal County and the city of New Braunfels, were hauling the same away from the waste pile in their own trucks. There were two entrances, or roads, leading to the waste pile from the Waco Springs road. One of these was on the north and one to the southeast of the waste pile. The foundation of Kelly's rock-crushing plant was placed across the road to the north, which act seems to furnish the chief ground for appellant's complaint in this suit. The road to the southeast was being used by the purchasers of such material at the time Kelly began his installations but the road on the north was not shown to have been used since 1938 and then was used by the County only for entrance with empty trucks. In 1938, prior to this controversy, some of the County's trucks were driven in from the north gate while empty, and after they were loaded they were driven out at the southeast gate because such route was an easier haul than that to the north. There was no showing that appellant, or any of its customers, used the north entrance subsequent to the date of the contract between appellant and Mrs. Coreth.

In this suit appellant has asked for only injunctive relief. It sought to enjoin Kelly, his agents and employes, from further trespassing on said premises and to restrain them from continuing their operations. It was alleged that such operations would interfere with, impede, and impair the operations of appellant under its contract with Mrs. Coreth and would deprive it of a portion of the accumulated rock material upon which Kelly's installations were standing. A hearing upon the matter of a temporary injunction was had, such relief was denied, and appellant appealed to the Court of Civil Appeals at Austin, where such judgment was affirmed. The cause was then tried upon the question of a permanent injunction. In the latter trial, which was before a jury, the court peremptorily directed a verdict for appellees and rendered judgment again denying all injunctive relief. An appeal was perfected to the Court of Civil Appeals at Austin and the cause was transferred to this Court by order of the Supreme Court.

The controlling question in this case is whether the court erred in directing a verdict for appellees and in rendering judgment thereon.

By the terms of its contract appellant obtained only the exclusive right to sell for Mrs. Coreth the accumulated rock material upon the 58 acres. Such contract did not carry with it the right of exclusive possession. Mrs. Coreth retained the privilege of using the premises as she saw fit so long as the use thereof did not interfere with the sale of the rock material by appellant. This right which was retained by Mrs. Coreth was duly acquired by Kelly. There was no showing by the testimony that Kelly's operations reduced, retarded, or in any manner affected the sale of the material by appellant. In so far as injunctive relief is concerned, we think the obstruction placed across the north road by Kelly is unimportant. Appellant contends that this obstruction caused great inconvenience in the hauling out of such waste material, but this contention is necessarily untenable because this road, as above stated, was not shown to have ever been used during the life of the contract between appellant and Mrs. Coreth. The southeast road had been used exclusively for hauling out the material and it was used for this purpose, not by appellant, but by its customers. If the obstruction of the north road caused some inconvenience, as contended by appellant, it was thus not suffered by appellant but by its customers, and such inconvenience, if any, was not shown to have reduced or in any manner affected the sales of material by appellant. The fact that the installations of Kelly were standing upon a part of the waste material, which appellant's witnesses said was marketable, also constitutes no ground for injunctive relief under the facts of this case. The evidence revealed that at the time of the last hearing there remained in the large waste pile about 30,000 cubic yards of saleable material. It was not shown that this was not sufficient to supply the needs of appellant and all of its customers. Moreover, if all of the complaints of appellant in the trial court had been fully substantiated by proof, it would still not have been entitled to the relief sought, because it is apparent that for all of such alleged wrongs appellant had an adequate and efficient remedy at law. Under such circumstances it is elementary that injunctive relief is not the proper remedy. We therefore conclude that the trial court's ac-

184

tion in directing a verdict for appellees and rendering judgment thereon was proper. Simms v. Reisner, Tex.Civ.App., 134 S.W. 278; Powers v. Temple Trust Co., 124 Tex. 440, 78 S.W.2d 951; Sterling Mut. Life Ins. Co. v. Blume, Tex.Civ.App., 95 S.W.2d 1325, writ refused; Morgan v. Brannon, Tex.Civ.App., 95 S.W.2d 509; West Texas Utilities Co. v. Farmers' State Bank in Merkel, Tex.Civ.App., 68 S.W.2d 648; 32 C.J. 57, 58, § 37.

The judgment is affirmed.