### BRANCH v. STEPHENS COUNTY et al.
### (No. 10490.)

(Court of Civil Appeals of Texas. Fort Worth. Feb. 2, 1924.)

Appeal and error ⊜⇒684(3)—Exercise of discretion on motion to dissolve injunction not disturbed, where answer verified and no evidence in record.

When a verified answer denies every material allegation of a petition for injunction, and no evidence is introduced, at least no evidence is contained in the record before the appellate court, the trial court's exercise of discretion in dissolving the injunction or in·refusing it will not be disturbed, under Vernon's Sayles' Ann. Civ. St. 1914, arts. 4645, 4663.

Appeal from District Court, Stephens County; W. R. Ely, Judge.

Suit by Charles Branch against Stephens County and others. Judgment for defendants, and plaintiff appeals. Affirmed.

T. B. Ridgell, of Breckenridge, for appellant.

Frank S. Roberts, of Breckenridge, for appellees.

BUCK, J. This is an injunction suit filed by Charles Branch against Stephens county and the commissioners' court to enjoin the

comissioners' court from opening and changing a road known as the Breckenridge-Wayland road, so as to make it run across and practically bisect the petitioner's land. He alleged that the commissioners' court ordered a survey made of certain named roads, and ordered that a jury of view be appointed. That subsequently it adopted the Breckenridge-Wayland road, as recommended by the county engineer, "subject to such changes, if any, that will be to the best interest of the county financially and the traveling public." That the county highway engineer subsequently located and surveyed a part of the road leading from Breckenridge to Wayland by the town of Parks, and that this change was adopted by the defendants; that the jury of view appointed by the defendants reported to the commissioners' court, which report was adopted by defendants. He alleged that there was no public necessity for such new road, alleged improper influence by certain persons at Parks upon the court to induce the adoption of such new road; that the road was not located, established, and adopted according to law; and that the road as adopted would depreciate the value of his land to the extent of $3,400, in addition to the inconvenience of transferring his live stock from one pasture to another, etc. Upon presentation of the petition to the district judge, he granted a temporary writ, but, after the defendants had filed their answer and motion to dissolve and upon hearing, the injunction was dissolved, and from this order and judgment the plaintiff has appealed.

There is no brief by the appellant or the appellees on file. Just the transcript is here, and the judge has filed no findings of fact or conclusions of law, if any evidence was heard, which is not shown. The defendants demurred, both generally and specially, to plaintiff's petition, and specially pleaded that all things were done by the defendants required by law for the opening of this road, and that plaintiff had full notice thereof.

A general denial of the allegations in plaintiff's petition was made, and special denials of the grounds set forth in the petition were contained in the answer. The answer was verified, as was also the petition.

When a verified answer denies every material allegation of a petition for injunction, and no evidence is introduced, at least not in the record before the appellate court, the trial court's exercise of discretion in dissolving the injunction or in refusing it will not be disturbed. Peters v. City of San Antonio (Tex. Civ. App.) 195 S. W. 989; Frazier v. Coleman (Tex. Civ. App.) 111 S. W. 662; Wells Fargo & Co. v. Guilheim (Tex. Civ. App.) 169 S. W. 1053, 1055; articles 4645, 4663, V. S. Tex. Civ. Statutes.

Hence we conclude that the judgment below should be affirmed on the verified bill and answer, and it is so ordered.