## HENDERSON v. PARISH et al. (No. 2971.)

(Court of Civil Appeals of Texas. Texarkana. July 10, 1924. Rehearing Denied Oct. 9, 1924.)

I. **Injunction** ⊜➡19—Will lie against insolvent persons interfering with tenant's possession.

Injunction will lie in suit by tenant against insolvent persons interfering with his possession.

2. **Injunction** ⊜➡172—Where averments of petition were specifically denied in sworn answer, court had right to dissolve temporary order.

Where averments of petition were each specifically denied in sworn answer, court on motion had right to dissolve temporary restraining order upon that ground alone.

Appeal from District Court, Hopkins County; Geo. B. Hall, Judge..

Action by Dock Henderson against W. S. Parish and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Ramey & Davidson, of Sulphur Springs, for appellant.

Dial, Melson & Brim, of Sulphur Springs, for appellees.

HODGES, J. In March, 1924, the appellant Henderson filed his petition asking for a writ of injunction. The following is the substance of the facts alleged:

In the fall of 1923 he rented for the year 1924 a tract of land from J. M. Hargraves and wife, agreeing to pay them a portion of the crops grown on the premises. About the 1st day of December following Hargraves sold the land to the Hopkins county improvement district No. 3. The purchaser took the property with full notice of appellant's contract, and agreed to hold the land subject to that contract. Appellant later went into possession of the farm and prepared it for growing a crop thereon. Some time afterward the defendants Parish, Burnett, and Bracken began interfering with appellant's right of possession, asserting that they had a rental contract for the same land made with the Hopkins county improvement district No. 3. These defendants, he alleges, were continually interfering with his right of use and possession, obstructing his farming operations, and making it impossible for him to cultivate a crop on the premises. He values his rental contract at $750, and claims other damages in the sum of $250. The petition concludes with the following prayer for relief:

"Wherefore plaintiff prays the court that writ of injunction issue herein restraining the defendants and each of them from in any manner *interfering with, molesting, or ousting* the plaintiff in his possession of the above-described tract of land and its use and enjoyment for and during the year 1924, and that the defendants and each of them be restrained from taking possession of said land during said period of time adversely to the plaintiff, that defendants be cited in terms of law to appear and answer this petition, and that upon final hearing hereof he have the judgment of the court *perpetuating said injunction for damages,* cost of suit, and for all such other and further relief, special and general, in law and in equity, that plaintiff may be justly entitled to under the law and the fact."

This petiton was presented to Hon. Geo. B. Hall, district .judge of that judicial district, who directed that a temporary restraining order issue as prayed for, upon the execution of a proper bond in the sum of $1,500 by the petitioner. The required bond was thereafter executed, and the writ issued as directed.

In May the defendants filed pleadings in which they asked that the application be dismissed for lack of equity in the bill. They also answered to the merits, denying specifically the material averments of the petition, closing with a motion to ·dissolve the temporary writ theretofore issued.

Both the plaintiff's petition and the answer of the defendants were sworn to in the manner required by law. Upon the hearing on the pleadings, and without the introduction

---

⊜➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of any testimony, the court entered an order dissolving the injunction; and from that order the appellant Henderson prosecutes this appeal.

[1] It appears from expressions used in the order of dissolution that the court was of the opinion that injunction was not the proper remedy; that the plaintiff should seek relief in some form of action at law. If that were the only ground upon which the order of dismissal could be justified the judgment should be 'reversed. It appears from the facts stated in the plaintiff's petition that he must either secure relief by injunction against further trespasses upon his rights, or he must sue the defendants for damages. He alleges that they are insolvent. If that be true a suit for damages would be useless. Hence we are of the opinion that it could not be said that under the facts stated by the petitioner injunction was not a proper remedy.

[2] But, since the averments of the petition were each specifically denied in the sworn answer of the defendants, the court had the right to dissolve the temporary order upon that ground alone. Moon v. Thomas (Tex. Civ. App.) 261 S. W. 476; 1 High on Injunctions (4th Ed.) §§ 1505, 1508. It is doubtful if the prayer of the petition in this case is sufficient to call for the issuance of a temporary restraining order. But, even if it is, this is not one of those cases where the facts require that the temporary order be continued notwithstanding the sworn denial contained in the answer.

We are of the opinion that, although the court may have assigned an insufficient reason for dissolving the temporary order, the state of the record is such that his judgment should be affirmed.