### WEBB v. DOWNING et al. (No. 3501.)

Court of Civil Appeals of Texas. Texarkana. Jan. 19, 1928.

Rehearing Denied Jan. 26, 1928.

1. Injunction ⟨key⟩163(1)—In suit to cancel cotton sales contract and restrain defendant from gathering crop, where defendant was solvent, temporary restraining order was properly dissolved.

In suit to cancel contract for sale of cotton crop and to restrain defendant from gathering or taking possession of crop, where defendant was solvent and fully able to pay any damages which plaintiff in suit might be entitled to recover upon final hearing in case, temporary restraining order was properly dissolved.

2. Injunction ⟨key⟩172—Temporary injunction could be dissolved on filing of verified answer specifically denying facts on which injunction was sought.

In suit to cancel contract for sale of cotton crop and to restrain defendant from gathering or taking possession of crop, temporary restraining order could be dissolved on filing of verified answer specifically denying facts on which restraining order was sought.

Appeal from Wood County Court; H. V. Puckett, Judge.

Suit by B. F. Webb against H. F. Downing and others. A temporary injunction was granted. From an order dissolving the injunction, plaintiff appeals. Affirmed.

E. A. Tharp, of Mineola, and R. E. Bozeman, of Quitman, for appellant.

Jones & Jones, of Mineola, for appellees.

HODGES, J. This suit was filed by the appellant, Webb, against the appellee Downing in the county court of Wood county to cancel a contract for the sale of a cotton crop and to restrain Downing from gathering or taking possession of the crop. The original petition was verified and presented to the county judge in chambers, who granted the injunction prayed for. The petition did not in terms ask for a temporary restraining order, and the writ issued in pursuance of the order of the court did not purport to

be a temporary writ, but the parties in this appeal apparently treat the writ as being a temporary restraining order.

The appellee Downing filed a motion to dissolve the injunction. The motion contained an answer, in which the averments of the plaintiff's original petition were generally and specifically denied. On the 11th day of October, after a hearing at which testimony was adduced, the injunction was dissolved. This appeal is from that order.

The plaintiff's petition does not allege that the defendant was insolvent. The court found as a fact that he was solvent and fully able to pay any damages which the plaintiff in the suit might be entitled to recover upon a final hearing in the case.

[1, 2] Under the pleadings and facts disclosed in the record, the court was, we think, fully justified in dissolving the restraining order. If for no other reason, that might have been done on the filing of a verified answer specifically denying the facts upon which the injunction was sought. Henderson v. Parrish (Tex. Civ. App.) 265 S. W. 226; Branch v. Stephens County (Tex. Civ. App.) 258 S. W. 834.

The judgment is affirmed.