## HARRIS v. SIEGEL et al.
### No. 11710.

Court of Civil Appeals of Texas. Dallas.
Feb. 17, 1934.

Rehearing Denied Feb. 24, 1934.

Hughes & Monroe and P. P. Ballowe, all of Dallas, for appellant.

W. F. Bane, of Dallas, for appellees.

BOND, Justice.

Appellant, Will Harris, instituted this suit against appellees, Harry Siegel, Louis Siegel, Siegel Investment Company, and Jake Lapin, claiming to have leased a portion of the lower floor of the Waldorf Hotel in the city of Dallas for a term of one year at a monthly rental of $150, plus all utility charges, such premises to be used as a café and for the sale of beer, when such beverage should become legally salable. Appellant alleged that, under the terms of the agreement, appellees sold to him the "good will" of the Waldorf Hotel operatives, and agreed not to operate, or to permit the operation of, a café or the sale of beer in the hotel building, or in the adjacent building, in competition with appellant's business, and would send, or cause to be sent, to his café, the hotel guests' orders for food and drink; that he occupied the premises for about five months before beer was legally salable in Dallas, paid the rents as they became due, and operated the café at a great financial loss, in contemplation of recoupment on the sale of beer. Appellant further alleged that, notwithstanding the exclusive rights granted and the sale of the Siegel's good will, under the lease contract, appellees Louis and Harry Siegel and the Siegel Investment Company breached the agreement, leasing a portion of the hotel property and an adjacent building to appellee Jake Lapin, securing license for him to sell beer and equipping him to operate a café and beer saloon or parlor in competition with appellant's business, and making arrangements for the hotel guests to secure food and drink from appellant's said competitor, thereby destroying appellant's business, causing him irreparable injury; that, as a result thereof, his damages for the unexpired term of the lease would be "in excess of $7,500." Appellant prayed for judgment in the sum of $1,500, inflicted damages, and for an injunction re-

straining appellees from conducting a café and/or beer saloon in the hotel building, or in the adjacent building, and from leasing space therein to others for such purposes; that the court adjust the rentals to be paid by appellant to appellees, to meet the changed conditions due to the breach, and to restrain appellees from dispossessing him of the premises.

Appellees each filed a general denial to appellant's allegations, and specially answered that they made no yearly contract with appellant; that the lease was on a monthly basis of $150, payable in advance, all utility charges to be paid by appellant; that they did not sell their good will, and/or agree not to operate a café, or beer saloon, or lease to others for such purposes any portion of the hotel or adjacent building, in competition with appellant; that appellant has not paid the rent for the month of September, and has not paid the utility charges as agreed. In a cross-action, appellee Louis Siegel brought suit in trespass to try title and sued out a writ of sequestration. The pleadings disclosed that the Siegel Investment Company was dissolved prior to the institution of the suit.

Appellant responded by supplemental petition, claiming the sequestration writ to have been illegally sued out by Louis Siegel, oppressive, and resorted to by said appellee in a preconceived plan to maliciously dispossess him of the premises; that the value of the property was stated excessively for the purpose of preventing a replevy by appellant, knowing that he would be unable to make the necessary replevy bond to retain possession of the premises, and sought to enjoin said appellee and the officer with the writ of sequestration from dispossessing him of the property described in the writ.

All of the pleadings were duly verified by the respective parties. The court granted an order temporarily restraining appellees from operating or leasing any portion of the hotel property, or adjacent building, to operators of businesses to be run in competition with that of appellant, restraining the execution of the writ of sequestration, and set the case for hearing on its merits. The court considered the pleadings, and on same dissolved the temporary restraining order; hence this appeal. Pending appeal, the trial court continued in force the restraining order.

■■ The allegations show that appellees Siegel Investment Company, Harry and Louis Siegel are the owners and operators of the Waldorf Hotel; that, because of the alleged acts of appellees, appellant suffered damages

in the sum of $1,500, and threatened damages in a sum "in excess of $7,500." There is no allegation that appellees are insolvent, or unable to respond in damages, inflicted or threatened. The mere allegations that appellant will suffer irreparable injury and that the amount of damages is hard to ascertain, or that the proof is not available to appellant to establish damages, are not, in our opinion, sufficient to justify injunctive relief by a court of equity. Appellant's cause of action is based entirely upon a breach and threatened breach of an alleged contract; the amount of damages which he sustained by virtue of appellees' acts is definitely stated, the expectant damage by virtue of acts threatened is uncertain, yet is alleged to be ascertainable by proof. The alleged damages are not such as cannot be accurately computed, or where the amount cannot be adequately proved. In our opinion, the allegations clearly demonstrate that appellant's cause of action is one cognizable in a court of law. Under such circumstances, it is well settled in this state that a court of equity is without authority to enjoin an attempted breach, or enforce the covenants of an agreement. This rule is tersely stated in 32 C. J. 61, that "the principal remedy afforded by courts of law for an injury is money damages. If such damages will constitute an adequate compensation for the injury threatened or inflicted, equity will not interfere by injunction. In such case, plaintiff must resort to an action at law for the damages sustained."

■■ The record further reveals that in the cross-action appellee Louis Siegel followed the provisions of the statute in reference to sequestration proceedings; he filed the necessary affidavit (article 6841), stating that he was the owner of the property sued for, alleged its value and his right to possession; he executed a bond (article 6843) payable to appellant for a sum double the value of the property to be sequestrated, to cover appellant's damages, and (article 6846) the writ directed the officer to take charge of the property, unless the adverse party makes a replevy bond (article 6849) in an amount not less than double the value of the property. Thus it is shown that appellee Louis Siegel resorted to provisional statutes in reference to such matters, a clear remedy granted him by the Legislature. Appellant did not exercise his legal right to replevy by giving the necessary bond, but resorted to a court of equity to enjoin the execution of the writ of sequestration, on the grounds that he was financially unable to make the bond, and al-

leged that the value of the property is arbitrarily stated in the affidavit by appellee to such an excessive amount as to render appellant unable to comply with the requirements of the statutes.

We are of opinion that such inability does not vary the rule. Where a party has a full, complete, and adequate remedy at law, it is his duty to avail himself of such remedy, as it gives him all of the protection that can be given by writ of injunction. The bond for the writ is a provision and conditional obligation to pay all damages, should it be decided that such sequestration was wrongfully issued. The defendant may avail himself of the adequate remedy for the recovery of damages by referring to the bond.

Aside from the fact that appellant had an adequate remedy at law, preventing the exercise of a court of equity from interfering by injunction, we are further of opinion that, the matter having been submitted to the court on verified pleadings, every material allegation of appellant's petition specifically denied, and no evidence having been introduced, the refusal of the court to grant the injunction on equitable grounds necessarily is addressed to the sound discretion of the trial court. Branch v. Stephens County (Tex. Civ. App.) 258 S. W. 834.

We therefore conclude that the judgment of the lower court should be affirmed and the order suspending the order of dissolution of the temporary restraining order, pending appeal, set aside. Judgment of the lower court is affirmed, and the status quo order vacated.