### BURDETTE et ux. v. BELL.
### No. 2844.

Court of Civil Appeals of Texas. Waco.
Feb. 24, 1949.

Rehearing Denied March 24, 1949.

Fitzpatrick & Dunnam and Rex Emerson, all of Waco, for appellants.

Witt, Terrell, Jones & Riley and W. Lance Corsbie, all of Waco, for appellee.

HALE, Justice.

This is an appeal from an order granting a temporary injunction. The proceeding arose out of a suit in which appellee sought to recover $950 alleged to be due him by appellants on a promissory note and to foreclose a chattel mortgage lien against a house trailer securing the payment of the note. In his verified petition appellee alleged as grounds for injunctive relief that appellants were endeavoring to sell the trailer to a bona fide purchaser and that the same "is fully equipped for immediate transportation, and that defendants could remove said property from the jurisdiction of this court and dispose of same in other counties or other states wherein plaintiff's security would be rendered worthless; that unless defendants are forthwith restrained, they will probably sell or dispose of said property or secrete the same or remove same from the jurisdiction of this court, to plaintiff's irreparable damage, for which

plaintiff has no adequate remedy at law." He prayed for the immediate issuance of a temporary restraining order, restraining appellants from selling or disposing of the trailer or removing the same from the jurisdiction of the court pending the determination of the cause; that upon notice and a hearing he be granted a temporary injunction to the same effect; and that upon final hearing he have judgment on his note together with a foreclosure of his chattel mortgage lien. The trial court granted the temporary restraining order as prayed for without a hearing and set a date for hearing the application for a temporary injunction.

In due time appellants filed their verified answer and cross action, wherein they moved the court to dissolve the temporary restraining order theretofore granted and resisted the application for a temporary injunction upon allegations, among others, that they were not justly indebted to appellee in any sum by reason of the note and chattel mortgage sued upon; that they were not endeavoring to sell or dispose of the trailer covered in the chattel mortgage or to remove the same from the jurisdiction of the court; and that appellee was in no event entitled to any injunctive relief because, as disclosed by his pleadings, he had an adequate, sufficient and complete legal remedy against the threatened injuries of which he complained. In answer to the foregoing pleadings appellee filed what he designated as a trial amendment in which he "hereby amends his original petition by deleting from said petition the allegation that defendants will probably remove the house trailer in question from the jurisdiction of this court." Upon a hearing of the issues thus joined by the pleadings, the court below granted the application for a temporary injunction to the extent of enjoining appellants from selling or disposing of the trailer pending a final determination of the cause, conditioned that appellee file bond in the sum of $300, and hence this appeal.

Appellants say the trial court erred in granting a temporary injunction because appellee had an adequate, sufficient and complete legal remedy against the threatened injuries complained of in that his suit was for the foreclosure of a chattel mortgage lien upon personal property and hence he could have availed himself of the legal remedy of sequestration. On the other hand, appellee says he had no statutory ground for the issuance of a writ of sequestration under his trial pleadings and furthermore, even though he had statutory grounds for sequestration, the legal remedy afforded thereby was not as plain, complete, practical and efficient to the ends of justice and its prompt administration as the equitable remedy of injunction and hence the trial court did not abuse his discretion in granting the temporary injunction sought.

■■ The ancient writ of injunction is deraigned to us through the exercise of equitable powers vested in the chancery courts of England. By long usage and custom the principle has become deeply anchored in equity jurisprudence that injunctive relief ought not to be granted in any proceeding unless it is made to appear that the complainant has no adequate remedy at law for the prevention or redress of the wrongs, injuries and grievances of which complaint is made. The granting of an injunction in violation of this time honored principle constitutes an erroneous abuse of the discretionary powers vested in the chancellor.

Art. 6840 of Vernon's Tex.Civ.Stats. expressly authorizes the issuance of writs of sequestration at the commencement or during the progress of any civil suit "when a person sues for the foreclosure of a mortgage or the enforcement of a lien upon personal property of any description, and makes oath that he fears the defendant or person in possession thereof will injure, ill-treat, waste or destroy, or remove the same out of the county during the pendency of the suit." Rules 696–716, Texas Rules of Civil Procedure, set forth the procedures under which such writs are to be issued and disposed of so as to afford adequate protection for the legal rights of all parties at interest.

■■ If the verified facts alleged by appellee in his original petition were true then we see no reason why he was not entitled as a matter of law to the issuance of a writ of sequestration upon compliance

with the rules relating thereto. In our opinion, the mere fact that he sought by trial amendment to delete from his sworn petition some of the allegations therein contained did not destroy his legal remedy of sequestration, provided he saw fit to avail himself of the remedy thus afforded by law. He did not seek in the trial court, either by pleadings or evidence, to show that any of the facts alleged in his verified petition were not true and we do not think he can now be heard to assert in this court that he had no statutory ground for the issuance of a writ of sequestration.

We are also of the opinion, under the pleadings and evidence in this proceeding, that a writ of sequestration would have afforded appellee an adequate, sufficient and complete legal remedy against the threatened wrongs and injuries of which complaint was made in the court below. A writ of sequestration could have been levied upon the trailer as promptly as a writ of injunction could have been served upon appellants and the former would have prevented the threatened injuries as effectively and completely as the latter. Under such circumstances we do not think appellee was entitled, at his election, to invoke the equitable powers of the court below merely because he preferred to seek a writ of injunction rather than a writ of sequestration. Hill v. Brown, Tex.Com. App., 237 S.W. 252; Powers v. Temple Trust Co., Tex.Com.App., 124 Tex. 440, 78 S.W.2d 951. Therefore, we hold that the trial court erred in granting the temporary injunction from which this appeal has been perfected. Sterling Mutual Life Ins. Co. v. Blume, Tex.Civ.App., 95 S.W.2d 1325, er. ref.; Firs Nat'l Bank v. Coyle, Tex.Civ.App., 95 S.W.2d 1337; Culpepper v. West, Tex.Civ.App., 110 S.W.2d 231; Johnson v. Cameron, Tex.Civ.App., 110 S.W.2d 604; Texas Unemployment Compensation Commission v. Campbell et al., Tex.Civ.App., 119 S.W.2d 388, er. dis.; Youngblood v. Youngblood, Tex.Civ.App., 163 S.W.2d 731.

Accordingly, the judgment appealed from is reversed and judgment is here rendered dissolving the temporary restraining order and denying the temporary injunction sought by appellee in the court below.