INTERNATIONAL HARVESTER CREDIT CORPORATION et al., Appellants,

v.

Miller RHOADES, Appellee.

No. 11058.

Court of Civil Appeals of Texas.

Austin.

Dec. 12, 1962.

Rehearing Denied Jan. 9, 1963.

Bryan, Suhr & Bering, James P. Bailey, Houston, Dan Moody, Jr., Austin, for appellants.

David L. Tisinger, Austin, for appellee.

RICHARDS, Justice.

Miller Rhoades brought two suits in the 126th District Court of Travis County. In the first suit International Harvester Company and Ed Kyrish were defendants and in the second International Harvester Credit Corporation and Ed Kyrish were defendants. In each of the suits Rhoades sought to cancel and rescind certain contracts covering the sale of ten trucks purchased from International Harvester Company and for the cancellation of purchase money notes secured by chattel mortgages given in part payment of the purchase price of the trucks which notes were held by International Harvester Credit Corporation, and for damages from all defendants for loss of his investment, together with foreclosure of an alleged equitable lien on the trucks in question to secure his damages and investment. He also prayed for the appointment of a receiver to sell the trucks, which relief has been abandoned, and for injunctive relief. An *ex parte* restraining order was issued in each suit restraining the defendants from taking possession of the trucks and in the second suit International Harvester Credit Corporation was restrained from transferring certain promissory notes and chattel mortgages executed and delivered by Rhoades in connection with the purchase and sale of the trucks which had been acquired by International Harvester Credit Corporation. For brevity, International Harvester Corporation will be referred to as "Harvester Company" and International Harvester Credit Corporation will be referred to as "Credit Corporation."

In the second suit, Credit Corporation answered defensively and filed a cross-action against Rhoades for debt, foreclosure of certain chattel mortgage liens given to secure the payment of the promissory notes executed by Rhoades in part payment for the trucks and as cross-plaintiff, made application for and obtained a writ of sequestration of the trucks covered by the chattel mortgages. Sequestration bond of $172,-000.00 was filed and the writ was issued and delivered to the Sheriff of Travis County, Texas.

Rhoades, under a second application for temporary injunction in the second suit, obtained two *ex parte* restraining orders, one of which restrained Credit Corporation, as cross-plaintiff, from "issuing or serving or causing to be served any writ of sequestration, attachment or other legal process * * *" The second order restrained the Sheriff of Travis County, Texas, from executing the writ of sequestration which had been issued and delivered to him and the Sheriff was made a party defendant. Harvester Company, Credit Corporation and Kyrish then filed motions to dissolve all restraining orders theretofore

entered and Credit Corporation filed its reply to Rhoades' second application for temporary injunction.

The Trial Court consolidated the two suits and having heard the second application for a temporary injunction and motions to dissolve, overruled the motions to dissolve and granted the temporary injunction, by the terms of which Harvester Company, Credit Corporation and Kyrish were enjoined and restrained "from pursuing any effort to sequestrate, or sell through sequestration, the ten International trucks and related equipment described in the pleadings of the plaintiff and defendants, and the defendants are further restrained and enjoined from indirectly taking any other action calculated to move, or cause to be moved, the said trucks and equipment from their present location, it being the intention of this order that the status quo shall be preserved and maintained" upon the filing of an injunction bond in the sum of $5,000.00. All defendants have appealed from the order granting the temporary injunction.

This appeal is predicated upon three points of error: (1) that since Rhoades had a complete, clear and adequate remedy at law, the Trial Court erred in granting his application for temporary injunction; (2) that Rhoades having failed to allege and prove a threatened irreparable injury for which he had no adequate remedy at law, the Trial Court erred in granting the temporary injunction, and (3) that Rhoades having failed to prove any right to the possession of the trucks in question, the temporary injunction should not have been granted.

After the filing of the cross-action by Credit Corporation under the provisions of Art. 6840, Vernon's Civil Statutes, it filed the necessary affidavit and bond in the sum of $172,000.00 and a writ of sequestration was issued by the District Clerk and delivered to T. O. Lang, Sheriff of Travis County, Texas, for levy. However, prior to any action by the Sheriff, the Trial Court, at Rhoades' request, issued the temporary injunction restraining Harvester Company, Credit Corporation, Kyrish and the Sheriff from proceeding under the writ of sequestration. At the hearing on the temporary injunction Rhoades testified that he had never made any attempt to make a replevy bond because he could not afford it since the annual premium was $3,400.00. He also stated that he had a net worth of $206,000.00 and guessed that he could respond to a judgment if one were entered against him.

■ The general rule is that an injunction will not be granted where the party seeking it has a plain and adequate legal remedy. Hill v. Brown, Tex.Com. App., 237 S.W. 252, 253. Here Rhoades had two alternative legal remedies which were available to him: (1) to make a replevy bond, or (2) in the event the sequestration was wrongful, to recover his damages under the sequestration bond. In addition, no evidence was offered to show that either Harvester Company or Credit Corporation was insolvent and unable to respond in damages and hence he failed to negative the existence of an adequate legal remedy. Lewis v. Clark, Tex.Civ.App., 129 S.W.2d 421, 423, error dism., Bagley v. Higginbotham, Tex.Civ.App., 353 S.W.2d 868, N.W.H.

■ Although Rhoades had a net worth of $206,000.00, he contends that he was financially unable to make the replevy bond because the premium would cost him $3,400.00 per year. As stated in Harris v. Siegel, Tex.Civ.App., 68 S.W.2d 330, 331:

"Appellant did not exercise his legal right to replevy by giving the necessary bond, but resorted to a court of equity to enjoin the execution of the writ of sequestration, on the grounds that he was financially unable to make the bond, and alleged that the value of the property is arbitrarily stated in the affidavit by appellee to such an excessive amount as to render appellant

unable to comply with the requirements of the statutes.

"We are of opinion that such inability does not vary the rule. Where a party has a full, complete, and adequate remedy at law, it is his duty to avail himself of such remedy, as it gives him all of the protection that can be given by writ of injunction. The bond for the writ is a provision and conditional obligation to pay all damages, should it be decided that such sequestration was wrongfully issued. The defendant may avail himself of the adequate remedy for the recovery of damages by referring to the bond."

■ Rhoades also testified that unless the injunction was issued he would suffer irreparable injury, but the only injury of which he complains was that if the trucks were taken under the writ of sequestration, the defendants would injure the property. He also stated that he had not used the trucks and did not really care what happened to them. But assuming his surmise to be correct, then Rhoades still had another adequate legal remedy by obtaining his own writ of sequestration. Burdette v. Bell, Tex.Civ.App., 218 S.W.2d 904, 906, N.W.H.

Rhoades pleaded that he was entitled to foreclosure of an equitable lien against the ten trucks and testified that unless the defendants were restrained he was afraid his security would be injured, but in such case he had an adequate legal remedy by writ of sequestration. Burdette v. Bell, supra; Lewis v. Clark, supra.

Irreparable injury has been defined as "an injury of such a nature that the injured party cannot be adequately compensated therefor in damages, or that damages which may result therefrom cannot be measured by a definite, certain or usable pecuniary standard." Gulf Oil Corp. v. Walton, Tex. Civ.App., 317 S.W.2d 260, 263. In our opinion, Rhoades has failed to prove an irreparable injury for which he has no adequate remedy at law. If the trucks are injured while in the possession of the Sheriff under the writ of sequestration, Rhoades has an adequate legal remedy for damages upon the sequestration bond. In addition Rhoades did not plead or prove that Harvester Company, Credit Corporation or Kyrish are insolvent or cannot respond in damages. On the contrary, the evidence is that both Harvester Company and Credit Corporation are eminently solvent and able to respond in damages. Lewis v. Clark, supra. All of appellants' points of error are sustained.

■ The granting of a temporary injunction, where an adequate remedy at law is available, constitutes an erroneous abuse of the discretionary powers vested in the Trial Court. Burdette v. Bell, supra; Bagley v. Higginbotham, supra. The judgment of the Trial Court is reversed and rendered and the temporary injunction is dissolved. Costs of appeal are assessed against appellee.

Reversed and rendered.